[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14403
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 99-00031-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICKEY LADON PERSON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 17, 2009)

Before BIRCH, HULL and BARKETT, Circuit Judges.

PER CURIAM:

Rickey Ladon Person appeals his 60-month statutory maximum sentence for

violating a condition of supervised release. In 2000, Person was convicted on a charge of possession with intent to distribute crack cocaine, and after receiving a downward departure for providing substantial assistance, under U.S.S.G. § 5K1.1, he was sentenced to a below-guidelines range term of 78 months' imprisonment. The district court also imposed on him a 5-year term of supervised release, which included the requirement that he not commit another federal, state, or local crime. When Person was on supervised release, he was charged with violating a condition of supervised release by committing a drug offense in Alabama. He admitted the violation and the district court imposed the instant 60-month sentence. On appeal, Person argues that his 60-month above-guidelines range sentence was procedurally and substantively unreasonable.

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). "We review the sentence imposed upon the revocation of supervised release for reasonableness." Id. Reasonableness review includes both procedural and substantive components. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). In considering the

2

reasonableness of a sentence, we employ an abuse-of-discretion standard "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Id. at __, 128 S.Ct. at 597.

Person's 60-month statutory maximum sentence was procedurally and substantively reasonable because the district court adequately considered the § 3553(a) factors and did not abuse its discretion in weighing those factors and arriving at the sentence. Therefore, we affirm Person's sentence.

**AFFIRMED.**